UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | 11 C 2810 |
| McGREAL CONSTRUCTION COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Plaintiffs Trustees of the Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, and Chicago Regional Council of Carpenters Apprentice and Trainee Program Fund (collectively, "Trust Funds") for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the motion is granted as to liability.

## BACKGROUND[1]

The Trust Funds filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, seeking to collect delinquent contributions,

---

[1] Unless otherwise noted, the following facts are undisputed for purposes of summary judgment. Further, all supported statements in the Trust Funds' statement of undisputed facts are deemed admitted where McGreal failed to state a valid evidentiary objection and purportedly disputed the statement without citing any supporting material. See N.D. Ill. L.R. 56.1(b)(3)(B)-(C).

liquidated damages, interest, and attorney's fees from Defendant McGreal Construction Company ("McGreal").

The Trust Funds receive contributions from employers pursuant to a collective bargaining agreement between the employers and the Chicago Regional Council of Carpenters, successor of the Chicago and Northeast Illinois District Council of Carpenters, (the "Union"). The collective bargaining agreement requires employers to pay to the Trust Funds contributions for covered work and dues that were withheld from each covered employee's wages. According to the collective bargaining agreement, if an employer fails to pay contributions in a timely manner, the employer is liable for the unpaid contributions, reasonable attorney's fees, and liquidated damages as set forth in the trust agreements.

According to the Agreement and Declaration of Trusts for the Trust Funds (the "Trust Agreements"), employer contributions are delinquent if not received on or before the fifteenth day of the month. In addition to the delinquent contribution, the employer will owe liquidated damages in the amount of 1.5% per month on the remaining accounts receivable balance. If the account is placed for collection, the employer is also liable for reasonable attorney's fees, court fees, audit fees, and other reasonable costs incurred in the collection process.

Pursuant to the collective bargaining agreement and Trust Agreements, an employer must complete a monthly reporting form specifying the contributions and dues

owed to the Trust Funds. Each month, the employer submits the completed and signed contribution report to the Trust Funds with the appropriate payment. By signing the monthly report, the employer certifies that the report is accurate and complete, and that the employer agrees to be bound by the collective bargaining agreement and the Trust Agreements. The monthly report states that it is due on or before the fifteenth of every month and that late payments will be charged 1.5% per month, compounded, as liquidated damages.

McGreal, an employer engaged in an industry affecting commerce, entered into an agreement with the Union, binding itself to the provisions of several collective bargaining agreements from July 15, 1985, to the present. The collective bargaining agreements require McGreal to pay fringe benefit contributions to the Trust Funds.

Between May 2009 and March 2011, McGreal sporadically failed to timely pay contributions. As a result, the Trust Funds claim that McGreal owes liquidated damages totaling $11,888.24. Additionally, for November 2010 through March 2011, McGreal owes delinquent contributions. In total, the Trust Funds claim McGreal owes $35,310.15 for unpaid contributions, liquidated damages, and interest.

**LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Protective Life*

*Ins. Co. v. Hansen*, 632 F.3d 388, 391-92 (7th Cir. 2011). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 297 (7th Cir. 2010). A court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009).

## DISCUSSION

The Trust Funds move for summary judgment regarding McGreal's liability for delinquent contributions, liquidated damages, interest, reasonable attorney's fees, and other reasonable costs incurred in the collection process. McGreal contests the Trust Funds' right to recover for delinquent contributions and liquidated damages.

McGreal first argues that the Trust Funds' complaint fails to state a claim for delinquent contributions from November 2010 through March 2011 because the Trust Funds did not expressly allege that McGreal failed to pay contributions. When determining whether a plaintiff states a plausible claim for relief, the court construes the allegations in the plaintiff's favor and draws all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). The Trust Funds allege that McGreal must submit monthly reports and concurrently pay contributions. The Trust Funds also allege that McGreal breached certain agreements by failing to submit monthly reports from November 2010 through March 2011. From these allegations, the Court can reasonably

infer that McGreal did not pay the contributions without submitting the monthly reports stating the amount owed. Additionally, in the prayer for relief, the Trust Funds seek payment of the delinquent contributions for November 2010 through March 2011. Taken together, the allegations state a claim for the delinquent contributions.

Second, McGreal argues that Plaintiffs cannot assert a claim for unpaid contributions under the welfare trust fund agreement because the trustees denied McGreal's employees benefits beginning in 2011. The welfare trust fund agreement obligates the trustees, after accumulating adequate funds, to provide for the payment of benefits for covered employees. McGreal maintains that the trustees' denial of benefits to its employees terminated McGreal's obligation to pay contributions under the welfare trust fund agreement. In making this argument, McGreal cites no authority for the proposition that the denial of benefits excused McGreal from paying contributions. Moreover, McGreal did not address whether its prior failure to pay contributions excused the trustee's obligation to provide benefits. Thus, McGreal provides no legal basis to refute its liability for the delinquent contributions. McGreal requests that the Court defer consideration of this issue and permit discovery concerning the denial of benefits. In light of McGreal's failure to support its position with any legal authority, such discovery is unwarranted.

Finally, McGreal argues that the Trust Funds provide no basis for liquidated damages from May 2009 through October 2010 because the Trust Funds acknowledge

that McGreal paid the contributions owed for that time period. McGreal, however, overlooks the crux of the Trust Funds' complaint: that McGreal failed to *timely* pay the contributions. McGreal did not dispute the Trust Funds' evidence that McGreal's payments were untimely.[2]

To the extent evidence supports the Trust Funds' claim for liquidated damages, McGreal, pursuant to Federal Rule of Civil Procedure 56(d), asks the Court to defer ruling on the instant motion and permit discovery of evidence supporting the Trust Funds' claim for liquidated damages. Under Rule 56(d), the Court may defer considering the motion and allow time for discovery if the nonmovant cannot present facts justifying its opposition. Fed. R. Civ. P. 56(d). Here, Rule 56(d) relief is inappropriate because McGreal possesses all of the information necessary to oppose the Trust Funds' calculation of liquidated damages. Certainly, McGreal has access to the monthly contribution reports it authored and submitted to the Trust Funds and McGreal knows the time period that passed before it paid the delinquent contributions. Knowing the amount owed and the period of delinquency, McGreal is able to assess the accuracy of the Trust Funds' claim for liquidated damages. Accordingly, the Court denies McGreal's request to defer ruling on the present motion and allow discovery.

---

[2] As evidence, the Trust Funds presented the affidavit of John Libby, the Trust Funds' manager of audits and collections. John Libby stated that he has reviewed the relevant records, including the monthly contribution forms and payments received from McGreal, and that McGreal sporadically failed to make timely payments between May 2009 and March 2011. Having reviewed records maintained in the ordinary course of business, John Libby has personal knowledge of this fact and the Court accepts such testimony as admissible evidence.

For the reasons stated above, the Court grants the Trust Funds' motion for summary judgment as to McGreal's liability for delinquent contributions, liquidated damages, interest, and reasonable attorney's fees. However, the Court cannot enter judgment against McGreal in a specific amount because of potential calculation errors in the Trust Funds' exhibit 11. Exhibit 11, a spreadsheet purportedly reflecting the amount owed by McGreal, contains three separate charts with no explanation regarding the difference between, or meaning of, each chart. Further, exhibit 11 includes minor potential errors in the stated amount of unpaid fringe benefits and dues for February 2011 and thus the calculation of the interest and total amount allegedly owed by McGreal for that month. Exhibit 11 shows conflicting amounts owed for February 2011 for: fringe benefits ($2,335.20 in the first chart versus $2,335.40 in the third chart); dues ($111.42 in the first chart versus $11.40 in the third chart); and interest ($61.15 in the first chart versus $61.05 in the third chart). For the fringe benefits and dues, the Court presumes the accuracy of the amount specified in the February 2011 monthly report: $2,335.20 fringe benefits and $111.42 for dues. Although not raised by McGreal, the Court must acknowledge these internal inconsistencies in the Trust Funds' demonstrative exhibit which may affect the amount owed by McGreal. Thus, the Court cannot enter judgment in a specific amount until the Trust Funds clarify the amount owed for unpaid contributions and interest for February 2011. The Trust Funds may include this

clarification in their anticipated motion for attorney's fees and related non-taxable expenses.

## CONCLUSION

For the foregoing reasons, this Court grants the Trust Funds' summary judgment motion as to McGreal's liability for delinquent contributions, liquidated damages, interest, and reasonable attorney's fees, but the Court defers resolution of the amount of the judgment for the reason stated in this Memorandum Opinion.

Charles P. Kocoras
United States District Judge

Dated:  January 31, 2012